# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CRAFTWOOD II, INC., *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 4105 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| GENERAC POWER SYSTEMS, INC. | ) | |
| and COMPREHENSIVE MARKETING, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### A.

On May 31, 2017, the plaintiff – who we are told is a professional litigant having been the plaintiff in numerous junk fax cases – filed a class action Complaint charging Comprehensive Marketing, Inc. (CMI) and Generac Power Systems, Inc. (Generac) with having violated the Telephone Consumer Protection Act (47 U.S.C. §227 and 47 C.F.R. §64.1200).[1] On September 11, 2017, CMI filed an amended Rule 12(b)(1) Motion claiming the court lacked subject matter jurisdiction because, according to the Motion, a claimed CMI/Craftwood consensual relationship allowed the conduct complained of in the Complaint. Thus, according to the Motion, the Plaintiff had not suffered harm and therefore the court lacks subject matter jurisdiction. [Dkt. 46].

---

[1] Being a "professional litigant" in junk fax cases is not a disqualifier. It is "not unlawful to be a professional class action plaintiff" or even to have a "business model" that combines being a "professional class action representative." *CE Design Ltd. v. King Architectural Metals, Inc.,* 637 F.3d 721, 724 (7th Cir. 2011). *See generally, Physicians Healthsource, Inc. v. Allscripts Health Solutions, Inc*., 254 F. Supp. 3d 1007, 1012 (N.D. Ill. 2017).

The Motion was supported by a memorandum with several exhibits, that totaled about 84 pages. [Dkt. 47]. Generac subsequently filed its own Motion, which, in joining CMI's Motion, noted that it "adopt[ed] the factual statements and arguments" in that motion, and asserted that the "arguments raised in CMI's Motion are equally applicable to Generac." [Dkt. 52, at 3]. While the defendants apparently did not dispute that the plaintiffs were entitled to take limited discovery in connection with the claimed jurisdictional insufficiency, they disputed the extent to which discovery ought to be permissible and objected strenuously to naming any corporate representatives to be deposed about the relationship between the parties. [Dkt. 55, 58].

On October 26, 2018, the parties appeared before Judge Gettleman and discussed the defendants' pending Motion to prohibit the plaintiffs from deposing the movants. At the end of the hearing, Judge Gettleman entered an Order that provided for limited discovery on the issue raised in the jurisdictional Motion. Thus, he said the plaintiffs could take discovery "narrowed" to responding to defendants' Rule 12(b)(1) Motion, which he said "concern[ed] the alleged prior business relationship between defendants and plaintiff." [Dkt. 68]. The Order immediately went on to say that "*[d]iscovery is stayed in all other respects……*"][Dkt. 68](emphasis supplied). The Order thus made clear that Judge Gettleman was allowing very limited discovery, while excluding broader discovery into the merits of the overall case. Only literary perversity or jaundiced partisanship could read the Order in a more expansive way.

While the plaintiffs' Reply Brief seeks to make much of the word "concerning," which it reads quite broadly and without regard to the informative context of its usage, it is beyond debate that Judge Gettleman was not granting unlimited discovery, and that his use of the word "concerning" was intended to indicate what he thought were the bases of the jurisdictional motion

2

of the defendant. A word is not a crystal transparent and unchanged, Holmes incisively said, and it can have different meanings depending on the setting in which it is used. *Nixon v. Missouri Municipal League*, 541 U.S. 125, 132 (2004). A single sentence, whether in a judicial Opinion or Order, is not to be removed from its informing context and read with pedantic literalism. We are not at liberty to—nor should we—ignore the setting in which Judge Gettleman acted. It "is a disservice to judges and a misunderstanding of the judicial process to wrench general language in an opinion out of context." *Aurora Loan Services, Inc. v. Craddieth*, 442 F.3d 1018, 1026 (7th Cir. 2006). The same is no less true of judicial orders. *Surgery Ctr. at 900 N. Michigan Ave., LLC v. Am. Physicians Assurance Corp., Inc.*, 2017 WL 2731285, at *2 (N.D. Ill. 2017).

Based on Judge Gettleman's Order, the plaintiffs demanded that they be allowed to take the deposition of a corporate representative of each defendant, limited to the claimed prior relationship between the parties, which is the very basis on which the defendants' jurisdictional Motion is based. [Dkt. 94, 96]. The Defendants insist that they need not require that they designate a corporate representative to be deposed on the substance of the allegations in the Motion to Dismiss. Their view is that the plaintiffs can adequately deal with the questions raised in the Motion with Declarations of their own or other proof that would support their position. They have gone so far as to contend that depositions of the defendants are unnecessary since they say evidence already shows that a business relationship between the parties in fact existed. [*See e.g.*, Dkt 105, at 3]. Thus, the defendants insist that depositions of their officers would be a waste of time, unnecessarily cumulative of written discovery, and unduly harassing. Thrown in for good measure is the lawyer's assertion that the prospective deponents don't know anything – a claim that is everywhere deemed insufficient to forestall depositions. *See Horizons Titanium Corp. v. Norton Co.* 290 F.2d 421, 425

(1st Cir. 1961); *Van Den Eng v. Coleman, Inc.,* 2005 WL 3776352 at *3 (D.Kan.2005); *WebSideStory, Inc. v. NetRatings, Inc.,* 2007 WL 1120567 (S.D.Cal.2007); 8 Wright, Miller & Marcus, Federal Practice & Procedure: Civil 2d § 2037 at 500 (1994).

This simple answer to the movants' objection is that the defendants must designate someone who has knowledge or can be educated about the very things that are advanced in the Motion to Dismiss for want of jurisdiction. It is idle at best to suggest that a moving party can raise an issue and then prevent discovery on the very issue it has injected into the case. *See Schlagenhauf v. Holder,* 379 U.S. 104 (1964); *GAB Bus. Servs., Inc. v. Syndicate 627*, 809 F.2d 755, 762, n.11 (11th Cir. 1987); *United Auto. Ins. Co. v. Veluchamy,* 747 F.Supp.2d 1021, 1029-1030 (N.D.Ill.2010)(and cases cited). Indeed, denying belated amendments to pleadings is often based on the recognition that the amendment would inject new issues into the case, requiring extensive discovery. *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 924 (3rd Cir. 1990). The underlying principle is also seen in cases where a party injects an issue in the case and then seeks to hide behind a claim of privilege. Of course, the claim is uniformly rejected. *See e.g., In re Grand Jury Proceedings,* 219 F.3d 175, 182 (2nd Cir.2000); *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir.2006); *Lorenz v. Valley Forge Insurance. Co.,* 815 F.2d 1095, 1098 (7th Cir.1987); *In re Sims,* 534 F.3d 117, 132 (2d Cir.2008); 21 C. Wright & K. Graham, Federal Practice and Procedure § 5039 at 828 (2005).

We are also told by the defendants that notwithstanding *their* Motions to Dismiss, they object to any depositions on the ground that they would serve only as an improper opportunity for Plaintiffs to go on a "fishing expedition for evidence outside of the parameters set by the district court in its October 26, 2017 Order." [See discussion generally, Dkt. 96 at 11]. But Judge Gettleman's Order plainly did not give the defendants a veto over *how* the plaintiffs might attempt to disprove the

4

factual claims in the defendants' Motion, which is based on a claimed prior relationship with the plaintiffs. That he did not was perfectly consistent with the adversarial nature of our legal system. What an odd and curious inversion if a party in litigation could decide how its opponent should proceed in an attempt to disprove the very allegations that were made against it. Yet, that is what the defendants are, in effect, now attempting to do. While one can argue about the efficacy of depositions, there can be no argument that one's opponent is not precluded from acting in a certain way merely because his opponent thinks the proposed course will not be productive or will involve what turns out to be a waste of time.

The defendants have said that the plaintiffs' insistence on taking limited depositions is merely a "fishing expedition" that will yield nothing of value. But judges are not clairvoyant. *Beverly v. Abbott Labs.*, 817 F.3d 328, 336 (7th Cir. 2016); *Ballard v. Cit. Cas. Co.,* 196 F.2d 96, 102 (7th Cir.1952). And neither are lawyers. Tendentious and partisan predictions by one party do not mean that an opponent's contrary views are infirm and must be rejected. *Miller v. Lehman*, 801 F.2d 492, 500 (D.C. Cir. 1986)(Edwards, J., concurring). And vigorously asserting that one is right does not make the opposing view wrong. "Unfortunately saying so doesn't make it so."*United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir. 2010). *See also Dennis v. Kellogg Co.*, 697 F.3d 858, 866 (9th Cir. 2012). Perhaps in the end the defendants will turn out to have been right, and the plaintiffs' efforts to show the alleged illegitimacy of the faxes received from the defendants will prove futile. Perhaps not. Only discovery will provide the answer.

**B.**

The adversary system is fundamental to Anglo-American jurisprudence. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 596 (1993); *United States v. O'Neill,* 437 F.3d 654, 660

(7th Cir.2006); *Dal Pozzo v. Basic Machinery Co., Inc.,* 463 F.3d 609, 613-614 (7th Cir.2006). Indeed, "a partisan scrutiny of the record and assessment of potential issues, goes to the irreducible core of the lawyer's obligation to a litigant in an adversary system...." *Smith v. Robbins,* 528 U.S. 259, 293(2000) (Souter, J., dissenting). *See also*, *United States v. Cronic,* 466 U.S. 648, 655 (1984); *Philips Medical Systems Intern. B.V. v. Bruetman,* 8 F.3d 600, 606 (7th Cir.1993)(counsel "is supposed to give the evidence a partisan slant"); *Sommerfield v. City of Chicago*, 254 F.R.D. 317 (N.D.Ill.2008). It would be inconsistent with our adversary system to allow lawyers for one side to dictate to their opponents what the disputed issues should be, whether discovery was necessary, how it should proceed, who should be called as a witness, and generally how the case should be prepared and tried. "'Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief.'" *Sanchez-Llamas* v. Oregon, 548 U.S. 331, 356 (2006)*. See also Burlington N. & Santa Fe Ry. Co. v. United States*, 556 U.S. 599, 622–23 (2009); *Washington v. Texas*, 388 U.S. 14, 19 (1967); *Makiel v. Butler*, 782 F.3d 882, 907 (7th Cir. 2015).

Yet, acceptance of the arguments made by the defendants in the context of the present case would, in effect, allow them to dictate how the plaintiffs could attempt to disprove the charges that the defendants have injected into the case in their jurisdictional motions. Nothing in the transcript of the hearing before Judge Gettleman and certainly nothing in his Order justifies or allows the defendants to prohibit the defendants from being deposed about the supposed relationship of the parties.

## C.

All of this seems plain enough. But perhaps Judge Gettleman said something at the hearing that might explain the Order that was ultimately entered. Although it is the Order that controls, preliminary statements by the court and exchanges with counsel during a hearing can be helpful in determining what the court meant in the Order.

Judge Gettleman began by noting that he had read the briefs in support of the parties' respective positions, which "revolve around the prior or the alleged prior relationships between the defendants and the plaintiff[s]...." (Tr. 2). Judge Gettleman stated that he had "tried to make sense out of [the parties' dispute]" and concluded that "the plaintiff is entitled to *some* discovery on [the claimed] prior business relationship [raised by the defendants' Motions]...." (Tr. 3)(Emphasis supplied). Counsel for the plaintiffs acknowledged that the discovery was to be "*limited* to the 12(b)(1) issue," but said that defense counsel "refused to commit to produce witnesses on the issue." (Tr. 5)(Emphasis supplied). While Judge Gettleman refused to deal with and decide certain matters relating to WestFacts (Tr. 6, *et. seq.*), he said he was staying the majority of the written discovery pending his resolution of the jurisdictional Motion. His comments also left no doubt that he was allowing the plaintiffs to take discovery on the issue that had been raised by the defendants' jurisdictional Motions.

The depositions of the defendants that were envisioned by Judge Gettleman's Order and by this Order are to be limited in number and in subject matter. Questions may be asked that deal with the basis of the jurisdictional Motions brought by the defendants. Contrary to what the plaintiffs seem to have suggested in their Reply Brief, the permissible discovery is not to be turned into a vehicle to obliquely obtain wide-ranging merits discovery. And yet, the plaintiffs' Reply Brief

7

ominously concludes with this heading: "Merits Discovery Is Proper Because CMI's Rule 12 (b)(1) Go Squarely to the Merits."[Dkt. 105 at 7]. The district court has already concluded that merits discovery will not be allowed. The instant Order repeats that conclusion.

Of course, under the circumstances of this case, the discovery permitted by this and Judge Gettleman's Order, is "merits" based. But, to the extent that additional discovery relates to the "merits," it will not be allowed.

Just as overbroad and impermissible questioning, should it occur, will not be permitted, attempts to curtail otherwise proper questioning will not be permitted. The rules prescribing how depositions should proceed have been repeatedly discussed by the courts. *See generally Redwood v. Dobson*, 476 F.3d 462, 468 (7th Cir.2007); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.,* 657 F.2d 890, 902-904 (7th Cir. 1981); *LM Ins. Corp. v. ACEO, Inc*. 276 F.R.D. 592, 593 (N.D.Ill.2011); *Flowers v. Owens,* 274 F.R.D. 218, 222 (N.D.Ill.2011). Of course, this is not to say that anything untoward will occur. Still, it is often helpful in advance to set out the governing rules and principles and to make clear what the expectations of the court are.

The "narrowed" discovery permitted by Judge Gettleman's Order and this Order should proceed within the time limits set at today's hearing, which were extended to accommodate defense counsel's schedule. The plaintiffs' request for attorneys fees is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/22/18