UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| Craftwood II, Inc., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Generac Power Systems, Inc., *et al.*, <br><br> Defendants. | Case No. 1:17-cv-04105 <br><br> **Hon. Robert W. Gettleman** <br><br> Magistrate Judge Jeffrey Cole |

**Plaintiffs' Motion to Lift Stay Order**

### Introduction

Craftwood II, Inc., and Craftwood III, Inc., filed this putative class action over two years ago against Generac Power Systems, Inc., and Comprehensive Marketing, Inc. ("CMI") Telephone Consumer Protection Act violations.

In October 2017, shortly after Generac joined in CMI's then-pending 12(b)(1) motion to dismiss, Defendants jointly moved to stay discovery until the Court ruled on the motion. (Dkt. No. 55.) Defendants requested that the stay remain "in effect *until* a ruling on the Rule 12(b)(1) questions of subject matter jurisdiction" had been made. (*Id*.) (emphasis added.) On October 26, 2017, this Court issued a discovery stay order. (Dkt. No. 68) The order limited the scope of discovery to issues relevant to Defendants' 12(b)(1) motion, which challenged the threshold jurisdictional issue of Plaintiffs' standing under Article III. (*Id*.) Discovery was stayed in all other aspects, except that the stay did not apply to Plaintiffs' subpoena issued to the fax broadcaster, WestFax. That meant that Defendants did not respond to the Craftwood stores' second set of document demands and that they did not need to supplement responses to the first and third sets of outstanding discovery, unless it related to the motion to dismiss. (Cordero Decl. ¶ 2.)

Plaintiffs ultimately prevailed in the jurisdictional dispute. This Court granted Defendants' Rule 12(b)(1) motion, but the Seventh Circuit found that Plaintiffs had standing. *Craftwood II. v. Generac Power Sys., Inc.*, 920 F. 3d 479 (7th Cir. 2019). Because Defendants' 12(b)(1) motion was resolved, the basis for staying discovery has ceased to exist. The stay is moot.

Plaintiffs request that this Court lift the stay to allow full discovery to proceed consistent with the Seventh Circuit's ruling.

**Statement of Compliance With Local Rule 37.2**

Plaintiffs satisfied their duties to meet and confer under Local Rule 37.2. Following the Seventh Circuit decision, on May 6, Plaintiffs' counsel emailed counsel for CMI and Generac proposing to lift the stay order and to discuss a process to obtain complete responses to discovery that has been outstanding for two years. (Cordero Decl. ¶ 3, Ex. A.) Plaintiffs' counsel emphasized the importance of scheduling a Rule 37.2 conference to resolve any remaining differences among the parties, so the June 5 status hearing could be as productive as possible. (*Id.*)

CMI's counsel initially agreed to meet. But he never agreed to lock in a time, despite several follow-up emails. (Cordero Decl. ¶ 4, Ex. B.) CMI's counsel also failed to provide his client's position on the stay and outstanding discovery. (*Id.* ¶ 4.) Generac's counsel declined to engage in the discourse altogether, somehow characterizing it as "premature."[1] (*Id.* ¶ 4, Ex. B.)

---

[1] Generac's counsel has, in an email, alluded to the potential re-filing of a previously withdrawn Rule 12(b)(2) motion to dismiss on personal jurisdiction grounds. (Cordero Decl. Ex. B.) To the extent that Generac proceeds on that course, it should not affect the propriety of the relief requested. The motion is likely to fail because Generac purposely availed itself of Illinois jurisdiction to hire CMI, an Illinois company, to advertise Generac products nationwide. Generac approved the advertisements at issue, which were likely blasted using a computer in Illinois. This suit directly arises from the joint acts of Generac and CMI. Even if Generac were somehow to prevail, there is still no reason to delay discovery. A successful Rule 12(b)(2) motion would just mean that Plaintiffs would re-file in Wisconsin district court, likely seeking venue transfer back to this Court, or would proceed with discovery by subpoena. The personal jurisdiction motion changes nothing, and discovery should not be delayed further.

Defendants' reluctance to even discuss lifting the stay is astonishing in light of their own representations in the stay motion and supporting brief seeking a stay only "***pending the resolution of the 12(b)(1) Motion to Dismiss***." (Dkt. Nos. 55-56 [emphasis added].) The Seventh Circuit's April 1 ruling resolved the motion, thereby evaporating the basis for a discovery stay. But Defendants' refusal to engage in any meaningful discussions leaves Plaintiffs with no other option but to bring this motion.

**Argument**

Plaintiffs are entitled to lift the stay because the order became moot upon the Seventh Circuit's reversal of Defendants' 12(b)(1) motion. It is uncontroversial that a stay of pre-trial proceedings, including discovery, during the pendency of a dispositive motion expires upon the resolution of that motion. *See Jackson v. Secretary of Indiana Family and Soc. Servs. Admin.*, 279 F. Supp. 3d 816, 817, 819 (S.D. Ind. 2016) (finding that stay of pre-trial proceedings ceased upon resolution of defendant's motion to dismiss); *Memon v. Western Technical Coll.*, No. 14-CV-581-JDP, 2015 WL 2185574 at *3 (W.D. Wis., May 11, 2015) (noting, in the context of a motion to lift discovery stay, that denial of motion to dismiss resulted in the parties being free to conduct discovery); s*ee also Budget Rent A Car Corp. v. G & M Truck Rental*, No. 03C2434, 2003 WL 23109766 (N.D. Ill. Dec. 22, 2003) (order vacated as moot when underlying motion was rendered moot due to parties having settled).

This Court's October 26, 2017, order was issued, in pertinent part, to stay discovery proceedings during the pendency of Defendants' motion to dismiss. The motion is no longer pending. Plaintiffs should now be entitled to conduct discovery to the fullest extent permissible

under the Federal Rules of Civil Procedure. For those reasons, this Court should vacate its stay order.

## Conclusion

Based on the foregoing reasons, the Court should lift the discovery stay imposed by its October 26, 2017, order (Dkt. No. 68.)

Respectfully submitted,

DATED: May 31, 2019

By:     /s/ *Scott O. Luskin*
C. Darryl Cordero
Scott O. Luskin
Payne & Fears LLP
200 N. Pacific Coast Highway, Suite 825
El Segundo, CA 90245
(310) 689-1750
cdc@paynefears.com
sol@paynefears.com
**Attorneys for Plaintiffs**

**Certificate of Service**

I hereby certify that on May 31, 2019, a true and correct copy of the foregoing document was electronically filed with the Court using the CM/ECF system. All counsel of record who are deemed to have consented to electronic service will be served with a copy of this document via the Court's CM/ECF system.

*/s/ Scott O. Luskin*
Scott O. Luskin

4823-5983-7336.2