**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Craftwood II, Inc., a California corporation, dba Bay Hardware; Craftwood III, Inc., a California corporation, dba Lunada Bay Hardware, individually and as representatives of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Generac Power Systems, Inc., and Comprehensive Marketing, Inc.; <br><br> Defendants. | Case No.    1:17-cv-4105 <br><br> Judge: Robert W. Gettleman |

**DEFENDANT GENERAC POWER SYSTEMS, INC.'S
AMENDED AND RENEWED[1] MOTION TO DISMISS
PURSUANT TO FEDERAL RULE 12(b)(2) AND MOTION TO STRIKE
THE NATIONWIDE CLASS CLAIMS PURSUANT TO FEDERAL RULE 12(f)**

NOW COMES the Defendant, GENERAC POWER SYSTEMS, INC. ("Generac" or "Defendant"), by and through its attorneys, Molly A. Arranz, John C. Ochoa and Erin A. Walsh of SMITHAMUNDSEN LLC, and pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(f), moves this Honorable Court to dismiss Plaintiff's lawsuit against Generac for lack of personal jurisdiction and to strike Plaintiff's putative, nationwide class. In support, Defendant states as follows:

**INTRODUCTION**

The Court should dismiss this case as against Generac for a simple and straightforward reason: this Court cannot exercise personal jurisdiction over this particular Defendant. To do so would violate Due Process as a federal court sitting in Illinois has neither general nor specific

---

[1] Defendant withdrew, without prejudice, its prior Motion to Dismiss for lack of personal jurisdiction to join the co-defendant's Rule 12(b)(1) motion to dismiss. (*See* Dkt. #50 and Dkt. #54.)

1

jurisdiction over this Wisconsin company for the injuries allegedly suffered by California plaintiffs in California.

In the same vein, the Court should strike the Plaintiff's class definition, and thus, the claims advanced on behalf of non-resident, putative class members because this federal court sitting in Illinois lacks personal jurisdiction over Generac with respect to a nationwide class. *See e.g., Mussat v. IQVIA Inc.*, Case No. 17 C 8841, 2018 WL 5311903, *6 (N.D. Ill. Oct. 26, 2018) (Kendall, J.) (striking claims on behalf of nonresidents that were not injured in Illinois); *America's Health & Resource Ctr., Ltd. v. Promologics, Ltd.*, Case No. 16 C 9218, 2018 WL 3474444, *4 (N.D. Ill. July 18, 2018) (Leinenweber, J.) (same); *Garvey v. Am. Bankers Ins. Co. of Fla.*, Case No. 17-CV-986, 2019 WL 2076288, *2 (N.D. Ill. May 10, 2019) (Coleman, J.) (same); *Chavez v. Church & Dwight Co., Inc.*, Case No. 17 C 1948, 2018 WL 2238191, at *12 (N.D. Ill. May 16, 2018) (Tharp, J.) (dismissing claims on behalf of non-Illinois resident putative class members); *Practice Management Support Services, Inc. v. Cirque du Soleil, Inc.*, 301 F. Supp. 3d 840, 861 (N.D. Ill. 2018), *class decert.*, 2018 WL 3659349 (N.D. Ill. Aug. 2, 2018) (Durkin, J.).

Generac respectfully requests that this Court dismiss Plaintiffs' Complaint against it.

## BACKGROUND

Plaintiffs allege that on July 28, 2016, and February 13, 2017, they received facsimile advertisements sent by the "Defendants." (Pl.'s Compl. ("Compl."), Dkt. #1, ¶ 2.) Based on these claims, Plaintiffs bring a single claim against Generac under the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, *et seq*.

Plaintiffs are corporations organized and doing business in the State of California. (*Id.*, ¶¶ 5-6.) Defendant Generac is incorporated and has its headquarters in the State of Wisconsin. (*Id.* ¶

7.) Plaintiffs claim to have received fax advertisements at their California fax numbers. (Compl., ¶¶ 5-6). Plaintiffs do not allege that they suffered an injury in the State of Illinois; nor do they aver action by Generac in this state that resulted in their injuries. (*See id. generally*.)

In alleging personal jurisdiction over Generac, Plaintiffs claim three bases: (1) that Generac "regularly conducts business within the state of Illinois;" (2) that Generac allegedly "directed the facsimile advertisements that are the subject of this action to [other] recipients within the state of Illinois;" and, (3) that Generac "committed at least some of its violations of the TCPA and FCC regulations within the state of Illinois." (Compl., ¶ 4.) Nowhere do Plaintiffs allege personal jurisdiction because *they* received facsimiles in Illinois or because Generac sent any faxes to them from within Illinois. (*See id. generally*.)

The Plaintiff also proffers a definition of a putative class of:

> [A]ll persons and entities that were subscribers of facsimile telephone numbers to which material that advertised the commercial availability or quality of any property, goods or services of Generac was sent via facsimile transmission within four years preceding the commencement of this action…

(Compl., ¶ 18.) Plaintiff supplies no geographic limitation on the putative class. (*See id.*)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal when a court lacks personal jurisdiction over a party. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of proof for showing the existence of personal jurisdiction. *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The primary focus of the personal jurisdiction inquiry is the defendant's relationship to the forum state. *See Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1779 (2017), citing *Walden v. Fiore*, 571 U.S. 277, 134 S. Ct. 1115, 1121-23 (2014); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 806-07, 105 S. Ct. 296 (1985).

3

Under Federal Rule of Civil Procedure 12(f), when brought in this context, a district court considers the propriety of striking class allegations by considering whether "a 'plaintiff's class allegations are facially and inherently deficient.'" *See Garvey*, 2019 WL 2076288 at *1, citing *Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014) (St. Eve, J.); *see also Valentine v. WideOpen W. Fin., LLC*, 288 F.R.D. 407, 414 (N.D. Ill. 2012) (Chang, J.). A "'motion to strike class allegations can be an appropriate device to determine whether the case will proceed as a class action.'" *Garvey*, 2019 WL 2076288 at *1.

This motion can be determined as a matter of law given the Plaintiffs' allegations in the Complaint. *See Walls v. VRE Chicago Eleven, LLC*, 344 F. Supp. 3d 932, 954 (N.D. Ill. 2018), citing *Cent. States, Se. and Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) (holding that, "[a]t a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted"); *Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159 (Table), 2000 WL 1909678, *3 (7th Cir. 2000) ("When the lack of personal jurisdiction is clear, jurisdictional discovery would serve no purpose and should not be permitted.")[2]

### ARGUMENT

The primary focus of a personal jurisdiction inquiry is the defendant's relationship to the forum state. *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1779. There are two types of personal jurisdiction: "'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes

---

[2] Generac contends that the pleadings, themselves, demonstrate that this Court cannot exercise personal jurisdiction over the Plaintiffs and the non-Illinois residents in the putative class. However, to the extent Plaintiffs would insist that personal jurisdiction discovery is necessary, this Defendant has already responded to twelve (12) interrogatories and twenty-seven (27) requests to produce, propounded by the Plaintiffs, in the name of personal jurisdiction discovery. Moreover, other courts in the Northern District, who have addressed similar Rule 12(f) requests to strike, appear to have solely considered the legal precedent before them to grant this relief. *See e.g., Mussat*, 2018 WL 5311903 at *6; *Garvey*, 2019 WL 2076288 at *2. Indeed, "[c]ourts will strike pleadings that are insufficient as a matter of law, 'meaning they bear no relation to the controversy or would prejudice the movant.'" *Mussat*, 2018 WL 5311903 at *1, citing *Gress v. Reg'l Transportation Auth.*, Case No. 17-cv-8067, 2018 WL 3869962, *5 (N.D. Ill. Aug. 15, 2018).

called 'case-linked') jurisdiction." *Id.* at 1780, citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S. Ct. 2846 (2011); *see also Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. 746, 757 (2014). For general jurisdiction, the question is whether the forum state is one in which the corporation is fairly regarded as "at home." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1779. However, "'[o]nly a limited set of affiliations with a forum will render a defendant amenable to' general jurisdiction." *Id.,* citing *Daimler AG*, 134 S. Ct. at 760. And, in the Seventh Circuit, a defendant is considered "at home" in the state where it is headquartered and/or incorporated. *See Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 698 (7th Cir. 2015).

Dismissal of Plaintiffs' Complaint for lack of personal jurisdiction over Generac is proper for three reasons: first, Plaintiffs do not, and cannot, allege that this Court has general jurisdiction over Generac because Generac is neither incorporated nor headquartered in Illinois. Second, this Court does not have specific jurisdiction over Generac because Plaintiffs—and the nonresident putative class members—do not claim to have suffered any injury within the State of Illinois nor do they allege that the cause of their injury emanated from actions taken in Illinois *by Generac*. And, finally, Plaintiffs' allegation that Generac sent faxes to unidentified, putative class members within Illinois is insufficient to establish personal jurisdiction because personal jurisdiction is only determined by the claims of the individual plaintiffs.

I.  **The Necessary Inquiry Into Whether This Federal Court Can Exercise Personal Jurisdiction Over Generac Makes Clear That Due Process Prevents The Court From Doing So.**

To determine whether personal jurisdiction exists, federal courts apply the law of the forum state, subject to the limits of the Due Process Clause of the Fourteenth Amendment. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). In this way, this Court must look to Illinois law for the limitation on the exercise of personal jurisdiction. *Bakov v. Consol. Travel*

5

*Holdings Grp., Inc.*, Case No. 15 C 2980, 2016 WL 4146471, at *1 (N.D. Ill. Aug. 4, 2016); *Keim v. ADF MidAtlantic, LLC*, 199 F. Supp. 3d 1362, 1367 (S.D. Fla. 2016) ("Because Keim's claim is based on the TCPA, which is silent regarding service of process, state law informs whether the Court has personal jurisdiction over the Moving Defendants."). Illinois' "long arm" statute, in turn, authorizes courts to exercise jurisdiction to the fullest extent allowed by the Illinois and federal constitutions. 735 ILCS 5/2-209.

Here, the Court's exercise of jurisdiction would violate Due Process. *See generally World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980). And, for the reasons that follow, dismissal of the Complaint against Generac should be granted.

## II. Generac Is Not Subject To General Jurisdiction In Illinois Because It Is Not Properly Regarded As "At Home" Here.

Given the four corners of the Complaint and in the context of recent, legal precedent, this Court cannot exercise general jurisdiction over Generac. The answer to the question of whether the forum state—Illinois—is one in which Generac is fairly regarded as at home, is no; and therefore, Generac is not subject to the general jurisdiction of this court. *See generally Bristol-Myers Squibb Co.*, 137 S. Ct. at 1779-80.

The findings of the Supreme Court in *Daimler AG* are directly on point and controlling. In that case, the Supreme Court held that a defendant is subject to general personal jurisdiction only in a state where it can be considered "at home." *See Daimler AG*, 134 S. Ct. at 757. This means that a court may assert general jurisdiction over a foreign corporation to hear any and all claims against it *only* when the corporation's affiliations with the state in which the suit is brought "are so constant and pervasive as to render it essentially at home in the forum state." *Id.* at 751, quoting *Goodyear Dunlop Tires Operations, S.A.*, 131 S. Ct. at 2851.

The Seventh Circuit, applying *Daimler AG*, said that "thus far, the [Supreme] Court has identified only two places where a corporation is [essentially at home]: the state of the corporation's principal place of business and the state of its incorporation." *Kipp*, 783 F.3d at 698; *see also GC2 Inc. v. Int'l Game Tech. PLC,* Case No. 16 C 8794, 2017 WL 2985741, *9 (N.D. Ill. July 13, 2017). The *Kipp* court further clarified that other states considered under a general jurisdiction analysis must "meet the stringent criteria laid out in *Goodyear* and *Daimler*," which requires "*more than* [a] substantial, continuous, and systematic course of business." *Kipp*, 783 F.3d at 698 (emphasis added). *Daimler AG* counsels that the Due Process Clauses of the Fifth and Fourteenth Amendments require "continuous corporate operations that are so substantial and of such a nature to justify suit on causes of action arising from dealings entirely distinct from the activities." *Id.* (citing *Daimler AG*, 134 S. Ct. at 761).

Here, Plaintiffs' Complaint alleges no facts sufficient to support general jurisdiction over Generac. By Plaintiff's own allegations, Generac is incorporated and has its principal place of business in Wisconsin. (Compl., ¶ 7.) The Complaint contains no allegations of Generac having offices or employees in Illinois, much less any continuous, substantial operations within Illinois necessary to render Generac "at home" in Illinois. (*See id. generally*.) *Kipp* is directly on point. There, the court found no general jurisdiction where the defendant, who was incorporated and headquartered in Wisconsin, attended trade shows in Illinois, had a website accessible by Illinois residents, and marketed to Illinois residents. *Kipp*, 783 F.3d at 698. In fact, the Seventh Circuit went so far as to say that these contacts "come nowhere close to the *Goodyear/Daimler* standard." *Id.* In this case, the allegations in Plaintiff's Complaint are similarly faulty and fall far short of the averments required by *Kipp*.

Moreover, though Plaintiffs make a conclusory allegation about general jurisdiction in Paragraph 4, claiming "Defendants regularly conduct business in the state of Illinois" (Compl., ¶ 4), this is insufficient. *Daimler AG* rejected the view that general jurisdiction exists in every state in which a corporation engages in a "substantial, continuous, and systematic course of business." 134 S. Ct. at 761; *see also Kipp*, 783 F.3d at 698. And, regardless, such bare allegations fail to establish general jurisdiction in any event. *Galope v. Deutsche Bank Nat. Trust Co.*, Case No. SACV 12-00323-CJC, 2014 WL 8662645, *3 (C.D. Cal. Nov. 14, 2014) (finding that the bare allegation that defendant "regularly conducts business in the State of California" insufficient to establish general jurisdiction). In another TCPA case, a federal court sitting in Michigan found deficient the plaintiff's allegation that the defendant "was licensed in Michigan and 'transacted business'" in the state. *Health One Medical Ctr. v. Bristol-Myers Squibb Co.*, Case No. 16-cv-13815, 2017 WL 3017521, *5 (E.D. Mich. Jul. 17, 2017).

Thus, general jurisdiction cannot be a basis of personal jurisdiction over Generac here.

**III.     Generac Is Not Subject to Specific Jurisdiction In Illinois.**

Specific personal jurisdiction "requires that the defendant's contacts with the forum state relate to the challenged conduct." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012); *GC2 Inc.*, 2017 WL 2985741 at *4. Even a cursory review of the Plaintiffs' Complaint demonstrates that nowhere do Plaintiffs supply this requisite allegation for specific personal jurisdiction.

In *Bristol-Meyers*, numerous plaintiffs who resided outside of California attempted to sue Bristol-Myers in California state court for injuries they allegedly suffered in their home states. 137 S. Ct. at 1778. The Court first noted that for a state court to exercise specific jurisdiction over a defendant, the lawsuit must "arise out of or relate to defendant's contacts with the forum." *Id.* at 1780. To that end, two competing interests are considered: the forum state's interest and

the plaintiff's interest in proceeding in plaintiff's forum of choice; and the burden on the defendant. *See id.* Of these interests, the Supreme Court noted that the burden on the defendant is the "primary concern." *Id.* Such a burden includes not only the practicalities of defending suit in a distant forum but also the "territorial limitations of the power of the respective States." *Id.*

The Supreme Court found that the California court could not maintain specific jurisdiction over the out-of-state plaintiffs' claims because they did not suffer any harm in California and the conduct giving rise to their claims did not occur in California. *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1782. The defendant had not engaged in any alleged wrongful conduct that caused the plaintiffs' injuries *within the forum state*; and, therefore, personal jurisdiction could not be exercised over the defendant. *See id.* Moreover, "only the forum contacts *that the defendant initiates* are relevant for personal jurisdiction." *Jenkins v. Burkey*, 744 F. App'x 955, 957 (7th Cir. 2018) (emphasis added), citing *Walden*, 571 U.S. at 284, 286.

Presiding over another TCPA case, a federal court in Michigan applied this personal jurisdiction analysis to find no specific jurisdiction could be exercised over the defendant. *Health One Medical Ctr.*, 2017 WL 3017521 at *6. The plaintiff had alleged that the out-of-state defendant was licensed to distribute its products in Michigan and had "transacted business" in the state; however, these allegations did not establish a *prima facie* case that there was "a substantial connection with sending or causing to be sent faxes advertising products or converting the toner, paper and employees' time through the sending of faxes." *Id.* Explaining this further, the court stated: "even if it is reasonable to infer that the 'transacted business' is the sale of products in Michigan, selling is not equivalent to advertising…" *Id.*

In the same way, here, Plaintiffs have not alleged any facts establishing specific jurisdiction over Generac. As for the location-of-injury component examined in *Bristol-Myers*, it

9

is clear from the Complaint that Plaintiffs did not suffer an injury (i.e., receive an alleged offending facsimile) in Illinois. Both Plaintiffs allege that they are headquartered in California, and both have California area codes for their fax numbers. (Compl., ¶¶ 5-6.) These allegations do not support the argument that Plaintiffs suffered an injury within Illinois.

Additionally, Plaintiffs do not allege that Generac sent the alleged faxes to them from Illinois—in other words, they do not allege that the conduct giving rise to their claim occurred in Illinois. Without a nexus linking their alleged injuries to Generac's actions in Illinois, this Court cannot exercise specific jurisdiction over Generac. Dismissal is appropriate.

### IV. Any Alleged Injuries Suffered By *Putative Class Members* In Illinois Are Irrelevant To A Specific Personal Jurisdiction Analysis.

Plaintiffs allege in their Complaint that this Court has personal jurisdiction over Generac because "Defendants intentionally directed the facsimile advertisements the subject of this action to recipients within the state of Illinois…" (Compl., ¶ 4.) In other words, Plaintiffs are claiming that this Court has personal jurisdiction over Generac by virtue of the receipt of faxes by unnamed, putative class members who reside in Illinois.

This theory for jurisdiction is not tenable. The Supreme Court in *Bristol-Myers* noted that the claims of plaintiffs who were injured in California cannot be used by out-of-state plaintiffs to confer personal jurisdiction over their claims. 137 S. Ct. at 1781 ("The mere fact that other plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims.") The Seventh Circuit has reached the same conclusion: if "a district court [does not have] jurisdiction over the claim of the class representative … it [has] no jurisdiction over the class action either even if the claims of some of the members of the class were within its jurisdiction." *Denberg v. U.S. R.R. Ret. Bd.*, 696 F.2d 1193, 1197 (7th Cir. 1983).

Accordingly, courts in the Northern District and elsewhere have rejected the attempt to use absent class members to establish personal jurisdiction over a defendant. *Greene v. Mizuho Bank, Ltd.*, 169 F. Supp. 3d 855, 866 (N.D. Ill. 2016) ("the contacts that [defendant] made with Illinois through the absent members of the Deposit Subclass are not sufficient to establish personal jurisdiction over [defendant] in Illinois."); *Senne v. Kansas City Royals Baseball Corp.*, 105 F. Supp. 3d 981, 1022 (N.D. Cal. 2015) ("In a purported class action, specific jurisdiction must be demonstrated by the named Plaintiffs.").

Thus, Plaintiffs' allegations about unnamed, Illinois residents not parties to this case possibly receiving faxes from Generac are insufficient to establish specific jurisdiction here.

## V. For These Same Reasons, The National Class Plaintiff Defines And The Putative Claims Brought By Non-Resident Members Should Be Stricken.

Since Generac first moved for dismissal for lack of personal jurisdiction, a "litany of []courts" in this jurisdiction have held that "the Due Process Clause of the Fourteenth Amendment" bars a federal court, such as this one, from exercising personal jurisdiction over a defendant, like Generac, in a putative class action "where nonresident, absent members seek to aggregate their claims with an in-forum resident, even though the defendant allegedly injured the nonresidents outside the forum." *Mussat*, 2018 WL 5311903 at*3 (citations omitted); *see also Garvey*, 2019 WL 2076288 at *2. This Court should follow this overwhelming authority and strike the Plaintiffs' putative class definition (*see* Compl., ¶ 18) and, thereby, the claims of non-resident members of the putative class.

As advanced *supra*, this Court cannot exercise either general or specific personal jurisdiction over the named Plaintiffs—California residents. For these same reasons, the Court cannot exercise personal jurisdiction with respect to the claims of putative members that do not have a connection between their claims and the defendant's activities *in this forum*.

11

Initially, given the Plaintiff's own pleadings as to this foreign defendant, this Court cannot exercise general jurisdiction over Generac because the defendant is not "at home" in Illinois. *See generally Bristol-Myers Squibb Co.*, 137 S. Ct. at 1779-80.

For the Court to exercise specific jurisdiction, the Court must undertake a plaintiff-by-plaintiff, claim-by-claim assessment to determine whether "the injury of the non-Illinois plaintiffs" "arise[s] out of or relate[s] to the defendant[']s contacts with Illinois." *Garvey*, 2019 WL 2076288 at *2. Stated another way, the court must conclude that Generac's "suit-related conduct" creates a substantial connection with the forum state for individual class members. *See Walden*, 571 U.S. at 284. Specific jurisdiction "depends on an affiliation between the forum and the underlying controversy," such that the court's assertion of specific jurisdiction is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 919 (internal quotation marks omitted).

The Due Process Clause's protections do not change based upon the number of plaintiffs nor should the procedural device of a class action be used to aggregate multiple plaintiffs' claims. Indeed, the Rules Enabling Act, which bars plaintiffs from using the class-action device to abridge defendants' substantive rights, further supports this individualized assessment of personal jurisdiction as a defendant's due process interests should be the same in the class context. *See e.g. Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 592, 117 S. Ct. 2231 (1997), quoting 28 U.S.C. § 2072(b); *see also Practice Mgmt. Support Servs., Inc.*, 301 F. Supp. 3d at 861.

Here, Plaintiffs nowhere claim that they—or the non-resident members of the putative class they seek to represent—were injured as a result of allegedly receiving faxes in Illinois. (*See*

*generally* Compl.) Where, as here, plaintiffs do not contend that non-Illinois residents were *injured in Illinois*, exercising specific jurisdiction over this defendant with respect to those nonresidents' claims—including the putative representatives—would be improper. *See Garvey*, 2019 WL 2076288 at *2. In these instances, a court properly "strike[s] the class definition to the extent it asserts claims of non-residents." *Id.* Indeed, exercising specific jurisdiction over the defendant with respect to nonresidents' claims "would violate [Generac's] due process rights." *Mussat*, 2018 WL 5311903 at *5.

Perhaps acknowledging this incurable obstacle, Plaintiffs attempt, improperly, to combine their claims with "recipients within the state of Illinois" who were purportedly sent facsimile advertisements. (Compl., ¶ 4.) However, this theory has been rejected by other courts as the critical inquiry is whether the "non-Illinois residents were injured in Illinois." *See Garvey*, 2019 WL 2076288 at *2. There cannot be aggregation of non-Illinois resident claims with Illinois residents. *See id.*; *see also Mussat*, 2018 WL 5311903 at*5-*6. In fact, "due process, as an 'instrument of interstate federalism,' requires a connection between the forum and *the specific claims at issue*." *Mussat*, 2018 WL 5311903 at *5, citing *Bristol-Myers*, 137 S. Ct. at 178. "This recognition bars nationwide class actions in fora where the defendant is not subject to general jurisdiction." *Id.*

For these reasons, the Court should strike the Plaintiffs' nationwide class and these class claims, pursuant to Federal Rule of Civil Procedure 12(f) and this authority applying principles of due process and *Bristol-Myers*.

WHEREFORE, Defendant, GENERAC POWER SYSTEMS, INC., respectfully prays that this Honorable Court: enter an order dismissing Plaintiffs' Complaint in its entirety as pled against Generac, for lack of personal jurisdiction; and/or, strike the nationwide class definition

13

thereby striking the claims by non-Illinois residents of the putative class as against Generac; and, grant such other relief as it deems reasonable and just.

Dated: June 25, 2019　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　By:　/s/  Molly A. Arranz
　　　　　　　　　　　　　　　　　　　　　　　　One of the Attorneys for
　　　　　　　　　　　　　　　　　　　　　　　　Defendant Generac Power Systems, Inc.

Molly A. Arranz (ARDC# 6281122)
John C. Ochoa (ARDC #6302680)
Erin A. Walsh (ARDC #6291003)
SmithAmundsen LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL  60601
312-894-3200